UNITED STATES, Plaintiff, Appellee,

v.

Luis Raul QUINTANA–AGUAYO; Hacienda Sabanera–Ciudad Caballistica, Inc.; The Rose Inc., Appellants,

Mildred Quintana; Yolamis Quintana; Omayra Carrion–Fontanez, Claimants, Appellees,

Hacienda Sabanera, et al., Defendants, Appellees.

United States, Plaintiff, Appellee,

v.

Luis Raul Quintana–Aguayo; Hacienda Sabanera–Ciudad Caballistica, Inc., Appellants,

Rose Inc.; Mildred Quintana; Yolamis Quintana, Claimants,

Omayra Carrion–Fontanez; A) Hacienda Sabanera, Appellants,

B) Hotel D'Rose, et al., Defendants.

Nos. 99–1378, 99–2017.

United States Court of Appeals, First Circuit.

Submitted Nov. 1, 2000.

Decided Dec. 29, 2000.

Rafael F. Castro Lang on brief for appellants.

Guillermo Gil, United States Attorney, Miguel A. Fernandez, Assistant United States Attorney, and Jose Javier Santos–Mimoso, Assistant United States Attorney, on brief for appellee, United States.

Before TORRUELLA, Chief Judge, LYNCH and LIPEZ, Circuit Judges.

PER CURIAM.

In this consolidated appeal, claimants seek interlocutory review of decisions of the district court resulting in the seizure of property during the pendency of a civil forfeiture action.[1] We dismiss the appeal for want of jurisdiction.

In 1998, the government initiated a civil action *in rem* by filing a complaint for forfeiture of property owned by convicted drug-dealer Luis Quintana–Aguayo. The property includes the real property and other assets of Hacienda Sabanera–Ciudad Caballistica, Inc., a horse ranch. 21 U.S.C. § 881(a)(6) and (7) and 18 U.S.C. § 981. The ranch was brought within the district court's *in rem* jurisdiction by posting notice and filing a *lis pendens*.

Subsequently, alleging that the ranch was being used for criminal purposes, the government sought possession for the duration of the forfeiture action. After a three-day, adversarial hearing pursuant to *United States v. James Daniel Good Real Property*, 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993), the district court found

---

1. *Cf. United States v. Derman*, 211 F.3d 175, 182 (1st Cir.2000)(in a criminal context, a preliminary order of forfeiture entered under Fed.R.Crim.P. 32(d)(2) after the verdict, but before sentencing, becomes final for purposes of appeal only upon entry of judgment).

that the government had made an adequate, preliminary showing of probable cause to believe that the property was related to crime. On that basis, the court later issued a warrant ordering the United States Marshal to seize the ranch, with the duty to operate and conserve it.[2]

Claimants filed notices of appeal from both the preliminary finding of probable cause and, upon denial of their motion for reconsideration, from the issuance of the seizure warrant.[3] The government denies that there is appellate jurisdiction. Since claimants argue that our jurisdiction over the appeal from the finding of probable cause derives from our jurisdiction over the appeal from the issuance of the warrant, we address only the seizure warrant.

## I.

■■■ Claimants argue that the issuance of the seizure warrant is appealable as a collateral order. The collateral order doctrine permits review of certain orders which do not terminate actions by disposing of all rights of all parties, but conclusively resolve important, disputed questions which are completely separate from the merits and evade adequate review on appeal. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978). The doctrine is applied narrowly and interpreted strictly. *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867–868, 114 S.Ct. 1992, 1995–96, 128 L.Ed.2d 842 (1994); *Federal Deposit Insurance Corp. v. Ogden Corp.*, 202 F.3d 454, 458 (1st Cir.2000). It

permits immediate appeal only in limited circumstances when the important goal of the final judgment rule[4]—the effective, efficient administration of justice—is not undermined or is counterbalanced by other weighty goals. *United States v. Kouri–Perez*, 187 F.3d 1, 5 (1st Cir.1999); *Appeal of Licht & Semonoff*, 796 F.2d 564, 569 (1st Cir.1986).

■■■ In this circuit, an order qualifying for immediate review under the doctrine must:

(1) concern a collateral issue so conceptually distinct from other issues being litigated in the underlying action that an immediate appeal would neither disrupt the main action, nor threaten to deprive the appellate court of useful context which might be derived from subsequent developments in the litigation;

(2) completely and conclusively resolve the collateral issue;

(3) infringe rights which appellant could not effectively vindicate in an appeal after final judgment in the case; and

(4) involve an important or unsettled legal issue, rather than merely challenge discretionary trial court rulings.

*Kouri–Perez*, 187 F.3d at 5. All four criteria must be satisfied. *In re Licht*, 796 F.2d at 571.

■■■ With respect to the third requirement, claimants contend that immediate review is necessary to avoid irreparable harm. They assert that the government is mismanaging the ranch, and they will have

---

**2.** Under 21 U.S.C. § 881(b) and 18 U.S.C. § 981(b), forfeitable property could be seized pursuant to, *inter alia,* the Supplemental Rules for Certain Admiralty and Maritime Claims or Fed.R.Crim.P. 41. Such seizures and the forfeiture actions were governed by customs laws, 19 U.S.C. § 1602 *et seq.* 21 U.S.C. § 881(d) and 18 U.S.C. § 981(d). The Admiralty Rules authorized the clerk to issue a warrant for the arrest *in rem* of property upon the government's filing of an appropriate complaint. *See* Fed.R.Civ.P. Supp. C; *United States v. Approximately 2,538.85 Shares*, 988 F.2d 1281 (1st Cir.1993). In

*Good, supra,* however, the Supreme Court held that due process requires an adversarial hearing before seizing real property.

**3.** Claimants style their notice as an appeal from the order granting the seizure warrant. Since the issue is not briefed, we express no opinion about this characterization of the order from which claimants appeal. *See In re Newport Savings and Loan Association*, 928 F.2d 472, 479 (1st Cir.1991).

**4.** *See* 28 U.S.C. § 1291.

no recourse if they ultimately prevail in the forfeiture action. However, immediate appeal is not needed to avoid the claimed harm. Appealability must be decided for classes of orders, ignoring injustices peculiar to the case at hand. *Digital,* 511 U.S. at 868, 114 S.Ct. at 1996. The issue here is whether such a seizure is in itself so deleterious that it evades adequate review on appeal. If the government is mismanaging the ranch, claimants may seek recourse in the district court.[5] We will not assume that the court will countenance misfeasance. The seizure ousted claimants from, but did not close, the ranch. Such seizures do not generally render pyrrhic subsequent appellate victories. *See United States v. Victoria–21,* 3 F.3d 571, 575–76 (2nd Cir.1993)(no irreparable harm from diminution of business). The alleged irreparable harm, waste due to mismanagement, is purely speculative. Claimants must show "much more" than potential injury. *Firestone Tire & Rubber Co., v. Risjord,* 449 U.S. 368, 376–77, 101 S.Ct. 669, 674–75, 66 L.Ed.2d 571 (1981); *Licht,* 796 F.2d at 571.

Although eviction imposes costs, the policy against piecemeal appeals "almost never operates without some cost." *Digital,* 511 U.S. at 872, 114 S.Ct. at 1998; *Lauro Lines S.R.L. v. Chasser,* 490 U.S. 495, 499–501, 109 S.Ct. 1976, 1978–80, 104 L.Ed.2d 548 (1989)(issue is adequacy, not perfection, of vindication on appeal). Immediate review is not justified merely because appellants will recover less money at judgment, can identify some interest that will be irretrievably lost or have reasons to prefer immediate review. *Digital,* 511 U.S. at 872, 114 S.Ct. at 1998; *United States v. Michelle's Lounge,* 126 F.3d 1006, 1009 (7th Cir.1997)(*Michelle's Lounge II*).

■ In addition, for the collateral order doctrine to apply the matters encompassed in the appeal must be "completely separate" from and not "affect or be affected by" the merits. *Coopers & Lybrand v.*

*Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978); *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). Claimants contend that the seizure warrant is separate because it involves only the government's ability to control the ranch pre-judgment, not the ranch's final forfeitability. The issue is not, however, whether the warrant and the final decision have some distinct traits, *Digital,* 511 U.S. at 872, 114 S.Ct. 1992 (party's agility in dubbing right irrelevant to jurisdiction), but their conceptual independence. *See Sobol v. Heckler Congressional Committee,* 709 F.2d 129, 131–132 (1st Cir. 1989)(*per curiam* )(doctrine inapplicable to attachment dissolved for improbability of prevailing on the merits).

Here, the government can prevail in the forfeiture only by ultimately proving probable cause for believing that the property is related to crime. That is the same type of showing that supports the seizure. *United States v. Michelle's Lounge,* 39 F.3d 684, 705 (7th Cir.1994)(concurring opinion)(seizure is intertwined with merits). Immediate appeal would, consequently, engender repetitive review. *Johnson v. Jones,* 515 U.S. 304, 311, 115 S.Ct. 2151, 2155, 132 L.Ed.2d 238 (1995)(separateness requirement protects against repetitive review); *Van Cauwenberghe v. Biard,* 486 U.S. 517, 527–528, 108 S.Ct. 1945, 1952, 100 L.Ed.2d 517 (1988)(immediate review of issues enmeshed in merits would waste judicial resources). *See also Federal Deposit Insurance Corporation v. Elio,* 39 F.3d 1239, 1249 n. 10 (1st Cir.1994)(questioning doctrine's applicability to attachment order involving only an exercise of discretion based on factual findings enmeshed with merits).

## II.

■ Claimants also argue that the seizure warrant is reviewable because it is

---

5. In the warrant, the court instructed the marshal to conserve the property and noted

its power to issue any order necessary to effectuate the warrant.

effectively an injunction or, alternatively, a receivership. Since the seizure ousts claimants from their property and puts the marshal in charge, the warrant, they say, is analogous to an injunction or receivership, permitting interlocutory review under 28 U.S.C. § 1292(a)(1) or (a)(2).[6]

■ The argument is untenable. An injunction is an order directed at *a party*, enforceable by contempt, designed to protect relief sought in the action. *Bogosian v. Woloohojian Realty Corp.*, 923 F.2d 898, 901 (1st Cir.1991). The analogy is "inapt" in the context of *in rem* actions. *Michelle's Lounge*, 39 F.3d at 693. In addition, claimants fail to establish the irreparable harm needed to support interlocutory review by analogy to an injunction. *Casas Office Machines, Inc. v. Mita Copystar America, Inc.* 42 F.3d 668, 672–673 (1st Cir.1994); *United States v. Victoria-21*, 3 F.3d at 575 (no interlocutory review of *ex parte* seizure diminishing, but not closing, business); *cf. United States v. All Assets of Statewide Auto Parts Inc.*, 971 F.2d 896, 901 (2nd Cir.1992)(interlocutory review of *ex parte* order closing business). *See also* 16 Wright, Miller & Cooper, *Fed. Prac. & Pro.: Civil 2d* (1996), § 3925, p. 217 (irreparable harm relevant to interlocutory appeals of receiverships).

■ Even if the analogy were more perfect, argument by analogy does not suffice to bring seizure warrants within the scope of § 1292. Claimants "argue that the ... order is in practical effect the appointment of a receiver. The answer to this contention is that statutes authorizing interlocutory appeals are strictly construed." *Florida v. United States*, 285 F.2d 596, 600 (8th Cir.1960). *See also In re Casal*, 998 F.2d 28, 32 (1st Cir.1993)(injunction exception construed narrowly); *United States v. Ianniello*, 824 F.2d 203 (2nd Cir.1987); *F.T.C. v. Overseas Unlimited Agency, Inc.*, 873 F.2d 1233, 1235 (9th Cir.1989)(receivership exception construed narrowly); *In re Memorial Estates, Inc.*, 797 F.2d 516, 520 (7th Cir.1986)(same) The interlocutory review statute reflects a balancing of interests that cannot simply be imported *mutatis mutandis* into the civil forfeiture context. *See* 16 Wright, Miller & Cooper, *Fed. Prac. & Pro.: Civil 2d* (1996), § 3920, pp. 7–8.

Among other concerns, § 1292(a)(2) applies to appeals from orders appointing federal equity receivers. Such receivers are non-governmental employees,[7] often, though not necessarily, appointed pursuant to the court's inherent equitable powers, at the behest of private parties, to protect purely private interests by preserving property pending judgment.[8] *See In re Klein*, 940 F.2d 1075, 1077 n. 2 (7th Cir. 1991) (§ 1292(a)(2) limited to federal equity receivers); *In re Memorial Estates, Inc.*, 797 F.2d 516, 520 (7th Cir.1986)(given the procedural safeguards, bankruptcy trustees are not receivers for purposes of interlocutory appeal). Here, in contrast, the court ordered the marshal to seize the ranch pursuant to a statutory scheme designed to serve the public purpose of deterring crime, upon finding, after an adversarial hearing, of probable cause to believe that the ranch was related to crime. Seizure was authorized by 21 U.S.C. § 881(b)

---

**6.** Subsection (a)(1) allows interlocutory review of orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions ...." Subsection (a)(2) licenses interlocutory review of "orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof ...."

**7.** *See* 28 U.S.C. § 958.

**8.** *See Consolidated Rail Corp. v. Fore River Railway Co.*, 861 F.2d 322, 326–327 (1st Cir.

1988)(court may exercise discretion to appoint receiver upon considering fraudulent conduct, relative risks of harm, inadequacy of legal remedies, chance of success on merits, likelihood of irreparable injury, *etc.*). *See also In the Matter of McGaughey*, 24 F.3d 904, 907 (7th Cir.1994)(federal court has inherent power to appoint receiver to manage defendant's assets pending litigation); *National Partnership Investment Corp., v. National Housing Development Corp.*, 153 F.3d 1289, 1291 (11th Cir.1998)(appointment of receiver in equity is an ancillary remedy).

and 18 U.S.C. § 981(b) upon the finding of probable cause.[9] The seizure placed the Attorney General in control of the property.[10] 21 U.S.C. § 881(c) and 18 U.S.C. § 981(c). Such a seizure is not an equitable remedy.

Finally, since appealability must be decided for classes of orders, *Digital*, 511 U.S. at 868, 114 S.Ct. at 1996, claimants' collateral-order and injunction theories, if adopted, would have the undesirable consequence of making a plethora of seizures amenable to interlocutory review. *United States v. Michelle's Lounge*, 39 F.3d 684, 693 (7th Cir.1994)(injunction theory profligate in that "all civil forfeiture seizures would be reviewable in the first instance if seen as injunctions"); *United States v. Victoria–21*, 3 F.3d 571, 575 (2nd Cir.1993)(allowing review of routine seizures as injunctions would expand appellate jurisdiction over interlocutory orders in numerous forfeitures).

*Appeal dismissed.*

---

**9.** The Civil Asset Forfeiture Reform Act of 2000, applicable to forfeiture proceedings commenced on or after 120 days from its effective date, April 25, 2000, extensively revised the laws governing seizures of real property. *See* 18 U.S.C. §§ 983, 985. We express no opinion on the propriety of interlocutory appeals under the act.

**10.** The marshal's obligation to maintain the property is integral to the seizure itself. *See Averill v. Smith*, 84 U.S. (17 Wall) 82, 83–94, 21 L.Ed. 613 (1873)(marshal is obligated to conserve seized property); *Matoil Service & Transport Co. v. Schneider*, 129 F.2d 392, 394 (3rd Cir.1942)(same).